UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| AMTRUST FINANCIAL | ) | Case No. 09-21323 |
| CORPORATION, *et al.* | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Judge Morgenstern-Clarren |
| | ) | |

LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
AD HOC COMMITTEE OF NOTEHOLDERS IN CONNECTION WITH
DEBTORS' MOTION FOR, *INTER ALIA*, AN ORDER AUTHORIZING
THE SALE OF ASSETS OF AMTRUST INSURANCE AGENCY, INC.

The holders, or the investment advisors or managers for the account of holders (collectively, the "***Noteholders***")[1] of the 11.78% Senior Notes, due October 20, 2012 (the "***Senior Notes***") issued by AmTrust Financial Corporation (the "***Issuer***") pursuant to that certain Note Purchase Agreement, dated as of October 20, 2005 (as amended,[2] and as may be amended, supplemented, restated or otherwise modified, the "***Note Purchase Agreement***") file this Limited Objection and Reservation of Rights (the "***Limited Objection***") in connection with Motion (as defined below) to, *inter alia*, enter into an

---

[1] The Noteholders consist of (i) Allstate Life Insurance Company, (ii) Midland National Life Insurance Company, (iii) North America Company for Life and Health Insurance, (iv) Phoenix Life Insurance Company, (v) PHL Variable Insurance Company, (vi) The Travelers Indemnity Company, and (vii) 40|86 Advisors, Inc. as investment advisor for: Bankers Life and Casualty Company, Washington National Life Insurance Company, Conseco Life Insurance Company, and Conseco Health Insurance Company.

[2] The Note Purchase Agreement was amended by that certain Waiver and First Amendment to Note Purchase Agreement, dated June 23, 2009 and that certain Amendment to Waiver and First Amendment to Note Purchase Agreement, dated September 2, 2009

agreement providing for the sale of the assets of Debtor AmTrust Insurance Agency, Inc. ("*AIAI*"),[3] and respectfully states as follows:

## BACKGROUND

1. On September 2, 2009, AmTrust Financial Corporation entered into that certain Pledge and Security Agreement (the "*Security Agreement*") by and among AmTrust Financial Corporation, certain grantors as signatories thereto (collectively, the "*Grantors*," and each, a "*Grantor*") and The Bank of New York Mellon, as collateral agent (the "*Collateral Agent*") for the Noteholders.  Pursuant to the Security Agreement, the Grantors each granted, for the benefit of the Collateral Agent and the Noteholders, a lien on and security interest in, all of its right, title and interest in, to and under the Collateral (as defined in the Security Agreement).  AIAI is a Grantor under the Security Agreement and the Collateral includes, generally, all assets of each Grantor.

2. The Debtors have challenged the validity of the grant of the security interest in the Security Agreement.

3. The Debtors filed the Motion on January 29, 2010 and made an *ex parte* request for the Motion to be heard on an expedited basis.  This Court entered an Order granting the Debtors' *ex parte* request on February 1, 2010 and, accordingly, set the Motion to be heard on February 11, 2010.

---

[3] Motion of the Debtors for an Order (A) Approving the Proposed Sale Process, (B) Authorizing AmTrust Insurance Agency, Inc. to Enter into an Agreement of the Sale of its Assets to Novak Insurance Agency, Inc. Free and Clear of Liens, Claims, Interests, and Encumbrances, (C) Exempting the Sale from Transfer Taxes, (D) Waiving the Rule 6004(g) 10 Day Stay, and (E) Waiving the Local Bankruptcy Rule 9013-2 Memorandum Requirement, filed January 29, 2010.  [Docket No. 179] (the "*Motion*").

4. By the Motion, the Debtors seek authority to, *inter alia*, sell those assets of Debtors AIAI pertaining to its property and casualty business (the "**Sale**") to Novak Insurance Agency, Inc. ("**Novak**"), subject to receipt of higher and better offers.

## OBJECTION AND RESERVATION OF RIGHTS

5. The Noteholders recognize that the proposed sale may be the best way to maximize value for the Debtors' estates. The Noteholders, however, file this Limited Objection in an abundance of caution to ensure that any Order approving the Sale provide that the Noteholders' lien, subject to the challenge, attaches to the proceeds of the sale, and to reserve any and all rights with respect to the Collateral.

WHEREFORE, the Noteholders respectfully request that the proposed Order indicate that the Noteholders' lien, subject to the challenge, attaches to the proceeds of the Sale and that this Court grant such other further relief as this Court deems appropriate.

Dated: February 9, 2010
      Cleveland, Ohio

    VORYS, SATER, SEYMOUR AND PEASE LLP

    By: /s/ John Winship Read
        John Winship Read (0030827)
        1375 East Ninth Street
        2100 One Cleveland Center
        Cleveland, Ohio 44114
        Telephone: (216) 479-6100

        - and –

        WEIL, GOTSHAL & MANGES LLP
        Lori R. Fife
        767 Fifth Avenue
        New York, New York 10153
        Telephone: (212) 310-8000

        - and –

        WEIL GOTSHAL AND MANGES LLP
        Alfredo R. Pérez
        700 Louisiana Street, Suite 1600
        Houston, Texas 77002
        Telephone: (713) 546-5000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 9, 2010, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

       /s/ John Winship Read
       John Winship Read (0030827)