**This document was signed electronically on February 12, 2010,**
**which may be different from its entry on the record.**

**IT IS SO ORDERED.**



~~Pat E. Morgenstern-Clarren~~ (signature)

**Dated: February 12, 2010**

**Pat E. Morgenstern-Clarren**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMTRUST FINANCIAL CORPORATION, *et al.*,[1] | ) Case No. 09-21323 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Judge Pat Morgenstern-Clarren |
| | ) |
| | ) |

**ORDER (A) ESTABLISHING SALE PROCEDURES, (B) AUTHORIZING**
**PAYMENT OF A BREAK-UP FEE, (C) SCHEDULING A SALE HEARING,**
**<u>AND (D) APPROVING SALE NOTICE PROCEDURES</u>**

This matter having come before the Court on the Motion of the Debtors for an Order

(A) Approving the Proposed Sale Process, (B) Authorizing AmTrust Insurance Agency, Inc. to

Enter Into an Agreement for the Sale of its Assets To Novak Insurance Agency, Inc. Free and

Clear of Liens, Claims, Interests, and Encumbrances, (C) Exempting the Sale From Transfer

---

[1] The Debtors include AmTrust Financial Corporation (Case No. 09-21323), AmTrust Insurance Agency, Inc. (Case No. 09-21325), AmTrust Real Estate Investments, Inc., (Case No. 09-21328), AmTrust Properties, Inc. (Case No. 09-21329), AmTrust Investments, Inc. (Case No. 09-21331) and AmTrust Management, Inc. (Case No. 09-21332).

Taxes, (D) Waiving the Rule 6004(g) 10 Day Stay, And (E) Waiving the Local Bankruptcy Rule 9013-2 Memorandum Requirement, filed by the above-captioned Debtors (the "Debtors") on January 29, 2010. [Docket No. 179] and the Amended Motion of the Debtors for an Order (A) Approving the Proposed Sale Process, (B) Authorizing AmTrust Insurance Agency, Inc. to Enter Into an Agreement for the Sale of its Assets to Novak Insurance Agency, Inc. Free and Clear of Liens, Claims, Interests, and Encumbrances, (C) Waiving the Rule 6004(h) 14 Day Stay, and (D) Waiving the Local Bankruptcy Rule 9013-2 Memorandum Requirement, filed by the Debtors on February 5, 2010 [Docket No. 214] (collectively, the "Sale Motion"). Unless otherwise defined herein, capitalized terms in this order (the "Sale Procedures Order") shall be given the same meaning accorded to such terms in the Sale Motion. A Response to the Sale Motion was filed by the United States of America on behalf of the Internal Revenue Service (the "IRS Response"). [Docket No. 219] A Limited Objection and Reservation of Rights with respect to the Sale Motion was filed by the Ad Hoc Committee of Noteholders (the "Noteholder Objection"). [Docket No. 223] The Court having reviewed the Sale Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court on February 11, 2010, 2010 (the "Hearing"); the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. § 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (d) notice of the Motion and the Hearing was sufficient under the circumstances; after due deliberation the Court having determined that the relief requested in the Sale Motion related to the proposed Sale Procedures is necessary and essential for the Debtors' reorganization and that such relief is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

09-21323-pmc    Doc 242    FILED 02/12/10    ENTERED 02/14/10 17:56:53    Page 2 of 12

IT IS HEREBY ORDERED THAT:

1.  The portion of the Sale Motion related to the Sale Procedures, revised as attached, is GRANTED.

2.  The IRS Response and the Noteholder Objection are continued for consideration at the hearing on the Sale Motion to be held on February 23, 2010 as provided below.

3.  The Timeline, as set forth below, is approved:

| | |
|---|---|
| ➤ Sale Motion filed | January 29, 2010 |
| ➤ Objection deadline for Sale Procedures portion of the Sale Motion | February 9, 2010 |
| ➤ Hearing on Sale Procedures portion of the Sale Motion | February 11, 2010 |
| ➤ Deadline for competing bids | February 19, 2010, 5pm ET |
| ➤ Auction (10:00am ET) and objections to the Sale Motion (4:00pm ET) | February 22, 2010 |
| ➤ Hearing on remainder of Sale Motion | February 23, 2010, 12:00 noon ET |

4.  The Sale Procedures shall require an initial topping bid of $50,000.

5.  Novak shall receive a breakup fee of $25,000 to be paid at the time of the closing of the sale with a third party buyer, if any.

6.  The Form of Sale Notice, revised as attached, is hereby approved.

7.  Within three (3) business days after the entry of this Sale Procedures Order, the Debtors shall serve (except with respect to those parties receiving electronic notice in the Debtors' bankruptcy proceeding) the Sale Notice, substantially in the form annexed hereto as Exhibit 2 on the following entities: (i) any parties that may have been previously contacted by the Debtors or their advisors in connection with the marketing and sale process for the Assets; (ii) all other prospective offerors and parties-in-interest previously known to the Debtors or upon written request to the Debtors by any other prospective offerors and parties-in-interest; and (iii) all parties pursuant to Bankruptcy Rules 2002, 6004(a), 6004(c), 6006(c) and 9014. Such parties shall include all parties holding a security interest in the Debtors' property pursuant to all lien searches in every state where the AIAI is incorporated and where any collateral is located, all taxing authorities (federal, state, local) in all jurisdictions where the AIAI conducts operations, the United States Trustee's Office for the Northern District of Ohio, any and all committees appointed in this bankruptcy case, the District Director of Internal Revenue for the district in which the case is pending, the United States attorney for the district in which the case is pending, and all creditors that filed a notice of appearance or

- 3 -

a claim in the bankruptcy case. Service pursuant to Bankruptcy Rules 2002, 6004(a), 6004(c), 6006(c) and 9014 on those parties not receiving electronic notice shall be by first-class mail addressed to the business address of such persons appearing in the Debtors' records notwithstanding Bankruptcy Rule 9014. Pursuant to Bankruptcy Rule 2002, service of the Sale Notice described herein shall constitute good and sufficient notice of the Sale Procedures, the Auction, this Sale Procedures Order, the Sale Motion, the Sale Hearing (and any proceedings to be held thereon or related thereto) and the fundamental terms of the transaction among the Debtors and the Buyer on all known and unknown creditors and parties in interest, including persons entitled to service pursuant to Bankruptcy Rules 2002, 6004(a), 6004(c), 6006(c) and 9014.

###

PREPARED BY:

| | And |
|---|---|
| */s/ G. Christopher Meyer* | |
| G. Christopher Meyer (Ohio 0016268) | Stephen D. Lerner (Ohio 0051284) |
| Christine M. Pierpont (Ohio 0051286) | 221 E. Fourth Street, Suite 2900 |
| Sherri L. Dahl (Ohio 0073621) | Cincinnati, OH 45202 |
| 127 Public Square, Suite 4900 | Telephone: (513) 361-1200 |
| Cleveland, Ohio 44114-1304 | Facsimile: (513) 361-1201 |
| Telephone: (216) 479-8500 | E-mail: SLerner@ssd.com |
| Facsimile: (216) 479-8780 | |
| E-mail: CMeyer@ssd.com | COUNSEL FOR DEBTORS |
| E-mail: CPierpont@ssd.com | |
| E-mail: SDahl@ssd.com | |

APPROVED:

| | |
|---|---|
| */s/ Anita A. Gill* | */s/ John Winship Read* |
| Anita A. Gill (Ohio 0046897) | John Winship Read |
| Special Assistant U.S. Attorney | Vorys, Sater, Seymour & Pease LLP |
| Carl B. Stokes U.S. Court House | 1375 E. Ninth Street, Suite 2100 |
| 801 West Superior Ave., Suite 400 | Cleveland, Ohio 44114 |
| Cleveland, Ohio 44113-1852 | Telephone: (216) 479-6103 |
| Telephone: (216) 858-7325 | Facsimile: (216) 937-3737 |
| Facsimile: (216) 858-7339 | E-mail: jwread@vorys.com |
| E-mail: anita.a.gill@irscounsel.treas.gov | |
| | COUNSEL FOR AD HOC COMMITTEE |
| COUNSEL FOR IRS | OF NOTEHOLDERS |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|                                                    |   |                              |
|----------------------------------------------------|---|------------------------------|
| **In re:**                                         | ) | **Chapter 11**               |
|                                                    | ) |                              |
| **AMTRUST FINANCIAL CORPORATION, *et al.*,**[1]    | ) | **Case No. 09-21323**        |
|                                                    | ) | **(Jointly Administered)**   |
| **Debtors.**                                       | ) |                              |
|                                                    | ) | **Judge Pat Morgenstern-Clarren** |
|                                                    | ) |                              |
|                                                    | ) |                              |

## NOTICE OF SALE MOTION, HEARING, AUCTION AND
## BIDDING PROCEDURES FOR SALE OF ASSETS OF THE DEBTORS

**PLEASE TAKE NOTICE THAT** the above-captioned debtors propose to sell a portion of their assets to Novak Insurance Agency in a transaction more fully described in the Sale Motion (defined below). [Docket No. 179]

**NOTICE IS FURTHER HEREBY GIVEN THAT** on February 5, 2010, the above captioned debtors and debtors in possession (the "Debtors") filed the Motion of the Debtors for an Order (A) Approving the Proposed Sale Process, (B) Authorizing AmTrust Insurance Agency, Inc. to Enter Into an Agreement for the Sale of its Assets of To Novak Insurance Agency, Inc. Free and Clear of Liens, Claims, Interests, and Encumbrances, (C) Waiving the Rule 6004(h) 14 Day Stay, And (D) Waiving the Local Bankruptcy Rule 9013-2 Memorandum Requirement (the "Sale Motion"). [Docket No. 214]

**NOTICE IS FURTHER HEREBY GIVEN THAT** on _____, the United States Bankruptcy Court for the Northern District of Ohio (the "Court") entered an order, [Docket No. ___] (the "Sale Procedures Order"). The Sale Procedures Order approves certain bidding and auction procedures (the "Sale Procedures") pursuant to which the Debtors will review competing bids and seek authority to sell a portion of their assets (the "Assets"), and approves certain buyer protections in connection with the sale of the Assets (the "Sale") that are the subject of the Sale Motion. Capitalized terms that are not defined in this Notice shall have the same meaning as set forth in the Sale Motion.

**NOTICE IS FURTHER HEREBY GIVEN THAT** copies of the Sale Motion and the Sale Procedures Order are on file with the Clerk of the Court and may be viewed on-line at

---

[1] The Debtors include AmTrust Financial Corporation (Case No. 09-21323), AmTrust Insurance Agency, Inc. (Case No. 09-21325), AmTrust Real Estate Investments, Inc., (Case No. 09-21328), AmTrust Properties, Inc. (Case No. 09-21329), AmTrust Investments, Inc. (Case No. 09-21331) and AmTrust Management, Inc. (Case No. 09-21332).

https://ecf.ohnb.uscourts.gov and www.kccllc.net/AmTrust or obtained by contacting G. Christopher Meyer, Squire, Sanders & Dempsey L.L.P., 4900 Key Tower, 127 Public Square, Cleveland, Ohio 44114, cmeyer@ssd.com.

**NOTICE IS FURTHER HEREBY GIVEN THAT** any party seeking to submit a bid and become a Qualified Bidder must submit such bid in conformity with the Sale Procedures and deliver it to the following parties no later than **February 19, 2010, 5:00 p.m. Eastern Time**: (i) counsel for the Debtors, G. Christopher Meyer, Squire, Sanders & Dempsey L.L.P., 4900 Key Tower, 127 Public Square, Cleveland, Ohio 44114, cmeyer@ssd.com, (ii) counsel for the Buyer, Richard A. Baumgart, Dettelbach, Sicherman and Baumgart, 1100 AmTrust Bank Center, 1801 E. 9th Street, Cleveland, OH 44114-3169 rbaumgart@dsb-law.com and (iii) counsel for the Official Committee of Unsecured Creditors (the "Committee"), Daniel A. DeMarco, Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, dad@hahnlaw.com.

**NOTICE IS FURTHER HEREBY GIVEN THAT** the Auction contemplated by the Sale Procedures is scheduled for **February 22, 2010 at 10:00 a.m. Eastern Time** at Squire, Sanders & Dempsey L.L.P., 4900 Key Tower, 127 Public Square, Cleveland, Ohio 44114.

**NOTICE IS FURTHER HEREBY GIVEN THAT** the Sale Procedures, including instructions for submission of Qualified Bids, govern participation in the Auction and can be obtained from the website or entity set forth above.

**NOTICE IS FURTHER HEREBY GIVEN THAT** the hearing to consider approval of the Sale Motion and the Sale of the Assets to the bidder submitting the highest or best offer thereto at the Auction shall be held on **February 23, 2010 at 12:00 noon Eastern Time** (the "Sale Hearing"), at the United States Bankruptcy Court for the Northern District of Ohio, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue, Cleveland, Ohio 44114. Objections to the Sale Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules and orders of this Court, shall set forth (i) the nature of the objector's claims against or interests in the Debtors' estates; (ii) the basis for the objection, (iii) the specific grounds therefor, and (iv) all evidence in support of said objection, and shall be filed and served so as to be received on or before **February 22, 2010, at 4:00pm ET**, by (i) counsel for the Debtors, G. Christopher Meyer, Squire, Sanders & Dempsey L.L.P., 4900 Key Tower, 127 Public Square, Cleveland, Ohio 44114, cmeyer@ssd.com, (ii) counsel for the Buyer, Richard A. Baumgart, Dettelbach, Sicherman and Baumgart, 1100 AmTrust Bank Center, 1801 E. 9th Street, Cleveland, OH 44114-3169 rbaumgart@dsb-law.com and (iii) counsel for the Official Committee of Unsecured Creditors (the "Committee"), Daniel A. DeMarco, Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, dad@hahnlaw.com and (iv) all parties requesting service of notice and other pleadings in this chapter 11 case. Any person that does not comply with this paragraph shall not be heard at the Sale Hearing. If the Buyer or any Successful Bidder objects to the Debtors' determination of a Qualified Bid as a higher or better bid for the Assets, the sole and exclusive remedy of such Qualified Bidder shall be to bid under protest at the Auction and, upon compliance with this paragraph, have standing at the Sale Hearing to contest the Debtors' determination.

**NOTICE IS FURTHER HEREBY GIVEN THAT** any inquiries regarding information contained in this Notice should be directed to G. Christopher Meyer, Squire, Sanders & Dempsey L.L.P., 4900 Key Tower, 127 Public Square, Cleveland, Ohio 44114, (216)479-8500 cmeyer@ssd.com.

Dated:    February __, 2010

Respectfully submitted,
SQUIRE, SANDERS & DEMPSEY L.L.P.


 /s/ G. Christopher Meyer
G. Christopher Meyer  (Ohio 0016268)
Christine M. Pierpont  (Ohio 0051286)
Sherri L. Dahl (Ohio 0073621)
127 Public Square, Suite 4900
Cleveland, Ohio 44114-1304
Telephone: (216) 479-8500
Facsimile: (216) 479-8780
E-mail:   CMeyer@ssd.com
E-mail:   CPierpont@ssd.com
E-mail:   SDahl@ssd.com

And

Stephen D. Lerner (Ohio 0051284)
221 E. Fourth Street, Suite 2900
Cincinnati, OH  45202
Telephone:  (513) 361-1200
Facsimile:  (513) 361-1201
E-mail:   SLerner@ssd.com

COUNSEL FOR DEBTORS

## SALE PROCEDURES

Each potential bidder must deliver to the Debtors: (1) an executed confidentiality agreement; (2) current audited financial statements of the potential bidder, or, if the potential bidder is an entity formed for the purpose of acquiring the Assets, current audited financial statements of the equity holder(s) of the potential bidder who will guarantee the obligations of the potential bidder, or such form of satisfactory evidence of committed financing or other ability to perform acceptable to the Debtors; (3) an executed proposed asset purchase agreement with higher or better terms than the terms and conditions of the Agreement, and (4) a deposit in the amount of $50,000.

### Auction Participation and Qualified Bids

Only the Buyer and the "Qualified Bidder(s)" may participate in the Auction. To become a Qualified Bidder, a party must deliver, on or before 5:00 p.m. Eastern Time on February 19, 2010 to the Debtors' counsel, G. Christopher Meyer, cmeyer@ssd.com; the Buyer's counsel, Richard Baumgart, rbaumgart@dsb-law.com; and counsel for the Official Committee of Unsecured Creditors (the "Committee"), Daniel A. DeMarco, dad@hahnlaw.com., the following items (the "Bid Package"):

a) A written offer to purchase the Assets;

b) An executed asset purchase agreement ("APA") in compliance with the requirements of applicable orders of the Bankruptcy Court. The APA should have higher or better terms than the Agreement, and the potential bidder should provide a marked agreement reflecting the variations from the Agreement. The proposed bid must be an all cash transaction (except for assumed liabilities);

c) Evidence sufficient to the Debtors in their reasonable discretion that such bidder has the financial ability to consummate the Sale (including, without limitation, the ability to pay or perform the obligations to be assumed by the Buyer under the Agreement) in accordance with these Sale Procedures, which evidence may include, without limitation, current audited financial statements of the (A) Qualified Bidder or (B) if the Qualified Bidder is an

entity formed for the purpose of acquiring the Assets, current audited financial statements of the equity holders of the Qualified Bidder, sources of equity or debt financing for payment of the purchase price, copies of commitment letters, the identity of contact persons at the financial institutions issuing the commitment letters or such other form of financial disclosure and credit-quality support information or enhancement reasonably acceptable to the Debtors and their advisors;

d)     A cash deposit (the "Good Faith Deposit") provided to the Debtors equal to at least $50,000. The Good Faith Deposit must be made by certified check or wire transfer and shall be held by the Debtors' counsel. The Good Faith Deposit shall be refunded unless the party that submitted the Deposit is the successful bidder at the Auction, the Sale is approved by the Court and the successful bidder then fails to close on the purchase of the Assets;

e)     A statement that the bid constitutes a binding offer to purchase the Assets that will remain in effect through 5:00 p.m. Eastern. on the 15th day following the Sale Hearing (defined below);

f)     Evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution and delivery, and performance of the agreement; and

g)     A statement of every executory contract, the assumption and assignment of which is a condition to closing.

Bidders providing a Bid Package will be deemed a "Qualified Bid."

A Qualified Bid must be fully financed and may not have a financing contingency or be subject to any due diligence or other contingency whatsoever, except for approval by the Bankruptcy Court.

**Due Diligence**

The Debtors will facilitate due diligence investigations. Information related to the Assets will be available for review at Debtors' offices at 25700 Science Park Drive, Suite 365, Beachwood, OH 44122-7312.

- 2 -

## The Debtors' Pre-Auction Determinations

Prior to the auction, the Debtors will use their discretion to determine, following consultation with representatives of the Official Unsecured Creditors Committee (the "Committee") and the Senior Noteholders (the "Noteholders" and, together with the Committee, collectively, the "Creditors"), whether any potential bidder satisfies the auction participation and Qualified Bid criteria. The Debtors will, following consultation with the Creditors, (i) determine whether the requirements for Qualified Bidder and Qualified Bid status have been met (ii) negotiate bid terms with Qualified Bidders, and (iii) make such other determinations as are necessary to implement the Bid Procedures.

## The Auction

If the Debtors receive a Qualified Bid in addition to the Buyer's bid, then the Debtors will hold an auction of the Assets (the "Auction"). If no Qualified Bids are submitted, then the Debtors will not hold the Auction, and will instead seek approval of the Agreement at a sale hearing (the "Sale Hearing").

The Debtors propose that the Auction, if any, will commence on February 22, 2010 at 10:00 a.m. Eastern Time at the Cleveland office of Squire Sanders and Dempsey, L.L.P. All bidders must appear in person or through a duly authorized representative. The Auction will commence with an initial bid that must be at least $50,000 in excess of the consideration provided for in the Agreement. Subsequent bids will be in increments of at least $25,000.

### (a)    The Debtors Will Choose the Successful Bidder

The Debtors will, following consultation with the Creditors, evaluate and compare the bids and determine in their business judgment the highest or best offer (the "Successful Bidder").

- 3 -

In no event will the Debtors determine that a bid is the highest when it does not exceed the value of the consideration offered by the Buyer in the Agreement by a minimum of $25,000.

**(b)** **Break-Up Fee**

2.       If the Buyer is not the Successful Bidder, then it will be paid a break-up fee (the "Break-Up Fee") of $25,000 as set forth in the Agreement. The Break-Up Fee constitutes a fair and reasonable exercise of the Debtors' business judgment and is fair, reasonable and is a good faith estimate of the Buyer's internal and out of pocket costs, and is in the best interests of the Debtors' estates and their creditors. If the Buyer is the Successful Bidder, after the Auction where at least one competing bid was made so that the Buyer increased its initial purchase price by at least $50,000, the successful bid price paid to the Debtor by the Buyer will be reduced by the $25,000 Break-Up Fee.

**The Debtors May Alter the Bidding Procedures**

The Debtors reserve the right, following consultation with the Creditors, to alter the Sale Procedures upon consent of the Buyer, which consent shall not be unreasonably withheld, as dictated by the circumstances of the Auction, if they believe it is necessary to obtain the highest and best value of their estates; provided however, that the Debtors will not alter any provision related to the Good Faith Deposit, or the Break-Up Fee.

**Good Faith Deposit**

The Good Faith Deposit submitted by each Qualified Bidder that is not the Successful Bidder will be returned to such party within five business days following the closing (the "Closing").

At Closing the Successful Bidder will be entitled to a credit for the amount of the Good Faith Deposit.

- 4 -

## Terms of the Sale

Except as otherwise provided for in the agreement, submitted by the Successful Bidder, as applicable, the Auction will be without representations or warranties of any kind, nature or description by the Debtors, its agents, or it estates.

All of the Debtors' right, title and interest in and to the Assets will be transferred free and clear of all liens, claims, interests or encumbrances, if any. Any such liens, claims, interests, and encumbrances will attach to the proceeds from the Sale.