CALDWELL PADISH & WELLS
7333 E. Doubletree Ranch Road, Suite 255
Scottsdale, Arizona 85258
Telephone: (480) 264-7470
Facsimile: (480) 307-6763
Barbara Lee Caldwell – 003246
Email: bcaldwell@cpwlawyers.com

Attorneys for Maricopa County

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re:<br><br>AMFIN FINANCIAL CORPORATION, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 1:09-bk-21323-PMC<br><br>**OBJECTION TO DISCLOSURE STATEMENT IN SUPPORT OF AMFIN FINANCIAL CORPORATION, ET AL., JOINT PLAN OF REORGANIZATION [Docket No. 865]** |

Maricopa County, a secured tax lien creditor, by and through its undersigned counsel, hereby objects to approval of *Disclosure Statement in Support of AMFIN Financial Corporation, et al., Joint Plan of Reorganization* (the "Disclosure Statement").

Maricopa County filed a Proof of Claim, #111, in the amount of $10,000.05 representing the 2009 real property taxes on Debtors' property. Interest accrues on the afore-mentioned secured tax claims at the statutory rate of 16% per annum until paid in full, if not timely paid. *See* 11 U.S.C. § 511 and A.R.S. § 42-18053.

The post-petition 2010 real property taxes have been paid in full.

The post-petition 2011 real property tax liens attached to Debtors' property on January 1, 2011. The amounts due for 2011 will not be known until around September 1, 2011.

Maricopa County objects to the approval of the Disclosure Statement as it is unclear whether Debtors are treating Maricopa County's Secured Tax Claim as a Priority Tax Claim or an Other Secured Claim. The property taxes are secured by statute. Arizona law grants Maricopa County valid liens that are "prior and superior to all other liens and encumbrances on the property." *See* A.R.S. § 42-17153. Other Secured Claims are identified as Class 3 Secured Claims. The Disclosure Statement states that Debtors are unaware of any creditor whose claim would qualify as a Class 3 Secured Claim. Debtors may provide for payment of Secured Tax Claims in the same manner as Priority Tax Claims; however, neither the Disclosure Statement nor Plan provides information that this is Debtors' intention. Consequently, Maricopa County believes Debtors have not provided adequate information for Maricopa County to make an informed decision as to where to oppose or support Debtors' Joint Plan of Reorganization (the "Plan").

Further, the Disclosure Statement seems to provide conflicting information with the information provided in the Plan. The Disclosure Statement provides that Priority Tax Claims will be paid over a period not exceeding six years after the respective dates of assessment of such Claims plus interest from the Effective Date, at the Federal Judgment Rate. The Plan provides that Tax Claims shall be paid over a period not exceeding five years after the Filing Date with interest at a rate equal to the Federal Judgment Rate as of the Confirmation Date. This issue relates more to confirmation of the Plan; however, Maricopa County contends that the Bankruptcy Code requires Secured Tax Claims to be paid over a period ending not later than 5 years after the Petition Date and that interest accrues in the Secured Tax Claims from the Petition Date at the statutory rate until paid in full.

For these reasons, it appears that Debtor has failed to provide adequate

information for Maricopa County to make an informed decision as to where to oppose or support Debtors' Plan.

Maricopa County proposes the following treatment of its Secured Tax Claims:

> Maricopa County's pre-petition secured tax claims shall be paid in regular installment payments in accordance with Bankruptcy Code §§ 1129(a)(9)(C) and (D), over a period ending not later than 5 years from the Petition Date with interest paid at the statutory rate of 16% per annum, together with accrued and accruing post-petition interest until the claim is paid in full. Maricopa County shall retain its liens for unpaid taxes until such time as the taxes and any related interest is paid in full. All real and personal property taxes incurred post-petition shall be paid in the ordinary course of Debtors' business with interest accruing at the statutory rate if not timely paid.

Based on the foregoing, Maricopa County respectfully requests that the Court deny approval of the Disclosure Statement unless Debtors further amend the Disclosure Statement to clarify its intended treatment of the Secured Tax Claims.

RESPECTFULLY SUBMITTED this 17th day of January, 2011.

CALDWELL PADISH & WELLS

BY: /s/ Barbara Lee Caldwell
    BARBARA LEE CALDWELL
    Attorney for Maricopa County

Original of the foregoing E-filed
this 18th day of January, 2011 with:

U.S. Bankruptcy Court, Northern District of Ohio
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue
Cleveland, OH 44114-1235

COPY of the foregoing mailed, or served
via electronic notification* or fax** or if so marked,
this 18th day of January, 2011, to:

| | |
|---|---|
| 1 | U.S. Trustee's Office<br>Maria D. Giannirakis, Esq. |
| 2 | 201 Superior Avenue East, Suite 441<br>Cleveland, OH 44114 |
| 3 | |
| 4 | G. Christopher Meyer<br>Christine M. Pierpont |
| 5 | Sherri L. Dahl<br>Squire, Sanders & Dempsey L.L.P. |
| 6 | 127 Public Square, Suite 4900<br>Cleveland, Ohio 44114-1304 |
| 7 | E-mail: CMeyer@ssd.com<br>E-mail: CPierpont@ssd.com |
| 8 | E-mail: SDahl@ssd.com<br>*Counsel for the Debtors* |
| 9 | |
| 10 | Stephen D. Lerner<br>Squire, Sanders & Dempsey L.L.P. |
| 11 | 221 E. Fourth Street, Suite 2900<br>Cincinnati, OH 45202 |
| 12 | E-mail: SLerner@ssd.com<br>*Counsel for the Debtors* |
| 13 | /s/ Lisa Rustenburg |