# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

---------------------------------------------------- x

In re:                                              :     Chapter 11
                                                    :
AMFIN FINANCIAL CORPORATION,                        :     Case No. 09-21323
*et al.*,[1]                                        :     (Jointly Administered)
                                                    :
      Debtors.        :     Honorable Patricia E. Morgenstern-Clarren
                                                    :

---------------------------------------------------- x

## OBJECTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF AMTRUST BANK, TO THE MOTION FOR ORDER (1) SCHEDULING HEARING ON DISCLOSURE STATEMENT, (2) APPROVING DISCLOSURE STATEMENT, (3) ESTABLISHING VOTING RECORD HOLDER DATE, (4) APPROVING SOLICITATION PROCEDURES, FORM OF BALLOTS, AND MANNER OF NOTICE, AND (5) FIXING THE DATE, TIME AND PLACE FOR THE CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO

The Federal Deposit Insurance Corporation (the "**FDIC**"), as Receiver of AmTrust Bank (the "**FDIC-R**"), hereby objects to the Debtors' motion (Docket No. 866) (the "**Scheduling Motion**") for an order (1) scheduling a hearing on their plan of reorganization (Bky. D.I. 864) (the "**Plan**"), (2) approving their disclosure statement (Bky. D.I. 865) (the "**Disclosure Statement**"), (3) establishing a voting record holder date, (4) approving solicitation procedures, form of ballots, and manner of notice, and (5) fixing the date, time and place for the confirmation hearing and the deadline for filing objections thereto.  In support of this Objection, the FDIC-R respectfully states as follows:

---

[1]     The Debtors are the following entities:  AmFin Financial Corporation (fka AmTrust Financial Corporation); AmFin Real Estate Investments, Inc. (fka AmTrust Real Estate Investments, Inc.); AmFin Insurance Agency, Inc. (fka AmTrust Insurance Agency, Inc.); AmFin Investments, Inc. (fka AmTrust Investments, Inc.); AmFin Properties, Inc. (fka AmTrust Properties, Inc.); and AmFin Management, Inc. (fka AmTrust Management, Inc.).

## PRELIMINARY STATEMENT

1.       It is premature and wasteful of Court resources and estate assets to grant the Scheduling Motion before the District Court determines the pivotal issue of whether AmFin Financial Corporation ("**AFC**") made a capital maintenance commitment and if so, what the cure amount of that capital maintenance commitment is under section 365(o) of the Bankruptcy Code. Simply put, until it is known whether AFC must cure a capital maintenance commitment obligation, the Debtors will not be able to satisfy the requirements of section 1129(a) of the Bankruptcy Code.

## BACKGROUND

### *General Background*

2.       On November 30, 2009, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On December 4, 2009, the Office of Thrift Supervision (the "**OTS**") appointed the FDIC receiver of AmTrust Bank.

### *The Capital Maintenance Proceeding Pending Before the District Court*

3.       On April 1, 2010, the FDIC-R filed a motion for an order, pursuant to section 365(o) of the Bankruptcy Code, requiring AFC to cure immediately the deficit under its commitments to the OTS to maintain the capital of AmTrust Bank (Dist. D.I. 7; Bky. D.I. 371) (the "**Capital Maintenance Motion**").[2]

---

[2]       Citations herein to "Dist. D.I. ___" shall refer to the docket index for the case captioned *Federal Deposit Insurance Corporation v. AmTrust Financial Corporation*, Case No. 1:10-CV-01298, pending before the United States District Court for the Northern District of Ohio, Eastern Division (the "**District Court**"). Citations herein to "Bky. D.I. ___" shall refer to the docket index in the AmFin Financial Corporation bankruptcy case captioned *In re AmFin Financial Corporation*, Case No. 09-21323, pending before the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division (the "**Bankruptcy Court**").

4.      On April 1, 2010, the FDIC-R also filed a motion for an order, pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a), withdrawing the reference of the contested matters pending before the Bankruptcy Court pertaining to whether AFC made commitments to the OTS to maintain the capital of AmTrust Bank that are enforceable under sections 365(o) and 507(a)(9) of the Bankruptcy Code (Dist. D.I. 1; Bky. D.I. 373) (the "**Withdrawal Motion**").

5.      On June 11, 2010, over the Debtors' objection, the District Court entered its order (Dist. D.I. 5) (the "**Withdrawal Order**") pursuant to 28 U.S.C. § 157(d) granting the Withdrawal Motion as to the consideration of the Capital Maintenance Motion and the Debtors' objection thereto (the "**Capital Maintenance Proceeding**").  Paragraph 13 of the Withdrawal Order provides:

> For the reasons set forth above, the FDIC-R's Motion to Withdraw the Bankruptcy Reference (ECF #1) is GRANTED.  The Court hereby orders withdrawal of the bankruptcy reference with respect to all proceedings related to the *Motion of the Federal Deposit Insurance Corporation, as Receiver of AmTrust Bank, for the Entry of an Order, Pursuant to Section 365(o) of the Bankruptcy Code, Requiring AmTrust Financial Corporation to Cure Immediately the Deficit Under Its Capital Maintenance Commitments to the Office of Thrift Supervision to Maintain the Capital of AmTrust Bank* (Case No. 09-21323, Docket No. 371); and, orders a stay of the bankruptcy proceedings pending resolution of this matter.

6.      On June 15, 2010, the District Court entered the following marginal entry (Dist. D.I. 6):

> Telephonic status conference held with all counsel participating.  Court clarified statement on page 13 of ORDER dated June 10, 2010 which states . . . "orders a stay of the bankruptcy proceedings pending resolution of this matter" means a stay only related to the issues presented in the Withdrawal Motion that are the subject of the case before this Court.  All other matters pending in the bankruptcy court may continue as directed by the Bankruptcy Judge.  All counsel notified of this Order.

A copy of the Withdrawal Order and the June 15th Marginal Entry are attached hereto as **Exhibit A**.

- 3 -

7.       Both the Debtors and the FDIC-R have moved for summary judgment in respect of the Capital Maintenance Motion.  At the December 1, 2010 pre-trial, the District Court cancelled the December 8, 2010 trial date and stated that it would rule on the motions for summary judgment.  The parties are waiting for the District Court to issue its decision.

### *The Debtors' Plan and Disclosure Statement*

8.       On January 5, 2011, the Debtors filed their Plan and Disclosure Statement.  Each of the Debtors is a proponent of the Plan within the meaning of section 1129 of the Bankruptcy Code.  On January 7, 2011, the Debtors filed their Scheduling Motion asking the Court to schedule a hearing on the Disclosure Statement, set a deadline for filing objections to the approval of the Disclosure Statement, and approve the form and manner of notice thereof.

### OBJECTION

**A.       The Debtors Cannot Confirm a Plan Under Section 1129 of the Bankruptcy Code Until the Capital Maintenance Proceeding Is Resolved**

9.       The FDIC-R objects to the scheduling of a hearing on the Disclosure Statement until the Capital Maintenance Proceeding is resolved by a final order.

10.       It is well established that a disclosure statement that describes a plan of reorganization that is facially unconfirmable should not be approved.  *See In re Cardinal Congregate I*, 121 B.R. 760, 764 (Bankr. S.D. Ohio 1990) ("The Court believes that disapproval of the adequacy of a disclosure statement may sometimes be appropriate where it describes a plan of reorganization which is so fatally flawed that confirmation is impossible.").[3]

---

[3]      *Accord In re Felicity Assocs., Inc.*, 197 B.R. 12, 14 (Bankr. D.R.I. 1996) ("It has become standard Chapter 11 practice that 'when an objection raises substantive plan issues that are normally addressed at confirmation, it is proper to consider and rule upon such issues prior to confirmation, where the proposed plan is arguably unconfirmable on its face.") (quoting *In re Main Road Props., Inc.*, 144 B.R. 217, 219 (Bankr. D.R.I. 1992)); *In re U.S. Brass Corp.*, 194 B.R. 420, 422 (Bankr. E.D. Tex. 1996) ("Disapproval of the adequacy of a disclosure statement

11.    A plan of reorganization is unconfirmable if it does not meet all the requirements in section 1129 of the Bankruptcy Code.  *See In re View Cleveland, LLC*, No. 09-55035, 2010 WL 5240043, at *3 (Bankr. N.D. Ohio Oct. 4, 2010) ("The Bankruptcy Court has an independent duty to determine a plan's compliance with section 1129 of the Bankruptcy Code, whether or not creditors have raised objections.").[4]

12.    In order for a plan of reorganization to be confirmable, the "proponent of the plan," here the Debtors, must comply "with the applicable provisions of this title."  11 U.S.C. § 1129(a)(2).  One such provision is section 365(o) of the Bankruptcy Code, which requires a debtor in a case under chapter 11 to "immediately cure any deficit under, any commitment by the debtor to a Federal depository institutions regulatory agency (or predecessor to such agency) to maintain the capital of an insured depository institution."  11 U.S.C. § 365(o).

13.    The issue of whether the Debtors have complied with section 365(o) of the Bankruptcy Code is pending before the District Court.  Pursuant to the Withdrawal Order, as clarified by the June 15th Marginal Entry, all matters related to the Withdrawal Motion,

---

may sometimes be appropriate where it describes a plan of reorganization which is so fatally flawed that confirmation is impossible."); *In re O'Leary*, 183 B.R. 338, 338-39 (Bankr. D. Mass. 1995) ("Courts may refuse to approve disclosure statements that describe plans that cannot be confirmed."); *In re 266 Washington Assocs.*, 141 B.R. 275, 288 (Bankr. E.D.N.Y.), *aff'd*, 147 B.R. 827 (E.D.N.Y. 1992) ("A disclosure statement will not be approved where, as here, it describes a plan which is fatally flawed and thus incapable of confirmation.").

[4]    *See also In re Rivers End Apartments, Ltd.*, 167 B.R. 470, 475 (Bankr. S.D. Ohio 1994) ("A chapter 11 plan proponent must show that all elements of 11 U.S.C. § 1129(a) have been met.  Even without objections, the Court has an independent obligation to determine whether all tests necessary for confirmation have been met."); *In re Parke Imperial Canton, Ltd.*, No. 93-61004, 1994 WL 842777, at *3 (Bankr. N.D. Ohio Nov. 14, 1994) ("The Bankruptcy Code imposes a mandatory, independent duty upon the court to determine that a plan meets all of the requirements for confirmation pursuant to 11 U.S.C. § 1129."); *In re Future Energy Corp.*, 83 B.R. 470, 481 (Bankr. S.D. Ohio 1988) ("Regardless of whether a valid objection to confirmation has been asserted, the Code imposes upon the Court a mandatory duty to determine whether a plan meets all the requirements for confirmation delineated in § 1129(a) of the Code.").

- 5 -

including the Capital Maintenance Motion, are stayed. This Court cannot, consistent with section 1129(a)(2) of the Bankruptcy Code, confirm any plan until the Capital Maintenance Proceeding has been resolved by a final order. And, if the FDIC-R prevails in the Capital Maintenance Proceeding and the Debtors are unable to effect a prompt cure of the deficit under AFC's capital maintenance commitments, the Debtors will not be capable of confirming any plan unless the FDIC-R were to consent to it. Accordingly, there is no justifiable reason for the Debtors to spend estate assets prosecuting the Plan or seeking approval of the Disclosure Statement at this time.

### B. The Debtors Are Not Entitled to Reorganize Under Chapter 11

14. A hearing on the Disclosure Statement should not be scheduled until it is known whether the Debtors have the right to proceed in chapter 11. When a debtor that has made a capital maintenance commitment files for bankruptcy, it must cure immediately any deficit owed under that commitment. *See* 11 U.S.C. § 365(o). Courts have held that if a debtor cannot effect an immediate cure, the debtor cannot proceed under chapter 11. As the Fourth Circuit explained in *Firstcorp*:

> We think that the meaning and function of § 365(o) is plain from its language: in every Chapter 11 case, the trustee — or, as here, the debtor-in-possession, *see* 11 U.S.C. § 1107(a) (1988) — "shall be deemed to have assumed" any capital maintenance commitment made by the debtor, and if a deficit under such a commitment arises, he "shall immediately cure it."
>
> Three characteristics of the statutory language are worth noting. ***First***, unlike the avoidance power to which it is an exception . . . , § 365(o) is mandatory with regard to both the assumption and the cure. In other words, the trustee (or debtor-in-possession) may not decline to assume the obligation and cure a deficit thereunder. ***Second***, the assumption and obligation to cure occur by operation of law, without review by or approval of the bankruptcy court — again unlike the assumption or rejection of executory contracts under § 365(a). . . . ***Finally***, the obligation to cure attaches "immediately" — *i.e.*, "without lapse of time; without delay; instantly; at once." Random House Dictionary of the English Language 957 (2d ed. unabridged 1987). This means, in our view,

- 6 -

> that assumption and cure under § 365(o) are prerequisites to obtaining Chapter 11 protection. If a debtor cannot "immediately" cure a deficit under a capital maintenance commitment that exists at the time of a bankruptcy filing, then § 365(o) requires that debtor to proceed not under Chapter 11 but under Chapter 7, to which § 365(o) does not apply.

*Firstcorp, Inc.*, 973 F.2d at 248 (emphasis added); *accord Wolkowitz v. Fed. Deposit Ins. Corp. (In re Imperial Credit Indus., Inc.)*, 527 F.3d 959, 973-74 (9th Cir. 2008) ("If a debtor cannot 'immediately' cure a deficit under a capital maintenance commitment that exists at the time of a bankruptcy filing, then § 365(o) requires that debtor to proceed not under Chapter 11 but under Chapter 7, to which § 365(o) does not apply.") (quotation omitted); *Office of Thrift Supervision v. Overland Park Fin. Corp. (In re Overland Park Fin. Corp.)*, 236 F.3d 1246, 1253 (10th Cir. 2001) ("[W]e hold before a debtor may proceed with Chapter 11, and acquire Chapter 11 protection, the debtor's commitment to assume and cure its capital deficit must be satisfied"); *Franklin Savings Corp. v. Office of Thrift Supervision*, 303 B.R. 488, 502 (D. Kan. 2004) ("The remedy for a debtor's inability to cure the capital deficiency is that the debtor may be prohibited from proceeding under Chapter 11.").

15.     The FDIC-R respectfully submits that until it is known whether the Debtors are permitted to seek reorganization under chapter 11, estate assets should not be used to prosecute the Plan or seek approval of the Disclosure Statement.

### CONCLUSION

WHEREFORE, based on the foregoing, the FDIC-R respectfully requests that the Court deny the Scheduling Motion and refuse to take any further action in respect of the Plan and Disclosure Statement until a final order is entered resolving the Capital Maintenance Proceeding.

Dated: January 20, 2011
        Cleveland, Ohio

Respectfully submitted,


/s/ Joseph F. Hutchinson, Jr.
Joseph F. Hutchinson, Jr. (0018210)
Eric R. Goodman (0076035)
Adam L. Fletcher (0085201)
BAKER & HOSTETLER LLP
PNC Center, Suite 3200
1900 East 9th Street
Cleveland, OH 44114-3485
Telephone: 216.621.0200
Facsimile: 216.696.0740
E-mail: jhutchinson@bakerlaw.com
       egoodman@bakerlaw.com
       afletcher@bakerlaw.com

-and-

Kathryn R. Norcross
Senior Counsel
Sonya L. Levine
Counsel
Federal Deposit Insurance Corp.
Legal Division
3501 Fairfax Drive
Arlington, VA 22226
Telephone: (703) 562-2783
E-mail: slevine@fdic.gov

*Counsel for the Federal Deposit Insurance Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 20, 2011, the foregoing *Objection of the Federal Deposit Insurance Corporation, as Receiver of AmTrust Bank, to the Motion for Order (1) Scheduling Hearing on Disclosure Statement, (2) Approving Disclosure Statement, (3) Establishing Voting Record Holder Date, (4) Approving Solicitation Procedures, Form of Ballots, and Manner of Notice, and (5) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto* was served electronically through the Court's ECF System on all parties indicated on the electronic filing receipt.

/s/ Eric R. Goodman
Eric R. Goodman (0076035)
BAKER & HOSTETLER LLP
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, OH  44114-3485