This document was signed electronically on April 26, 2011,
which may be different from its entry on the record.

**IT IS SO ORDERED.**



_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

**Dated: April 26, 2011**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br>AMFIN FINANCIAL<br>CORPORATION, et al.,[1] | ) Case No. 09-21323<br>) (Jointly Administered)<br>)<br>) Judge Pat Morgenstern-Clarren |

**ORDER (A) ESTABLISHING SALE PROCEDURES, (B) AUTHORIZING
PAYMENT OF A BREAK-UP FEE, (C) AUTHORIZING THE EMPLOYMENT OF
HILCO REAL ESTATE, LLC, PURSUANT TO 11 U.S.C. §327, (D) SCHEDULING A
SALE HEARING, AND (E) APPROVING SALE NOTICE PROCEDURES**

This matter having come before the Court on (1) the Motion of the Debtors for an Order

(A) Approving the Proposed Sale Procedures, (B) Authorizing AmFin Real Estate Investments,

Inc. to Sell Certain Assets to Harbor Group International, LLC Free and Clear of Liens, Claims,

and Encumbrances, (C) Approving the Employment of Hilco Real Estate, LLC, pursuant to 11

---

[1] The Debtors are: AmTrust Financial Corporation nka AmFin Financial Corporation (Case No. 09-21323), AmTrust Real Estate Investments, Inc. nka AmFin Real Estate Investments, Inc., (Case No. 09-21328), AmTrust Insurance Agency, Inc. nka AmFin Insurance Agency, Inc. (Case No. 09-21325), AmTrust Investments Inc. nka AmFin Investments Inc. (Case No. 09-21331), AmTrust Properties Inc. nka AmFin Properties Inc. (Case No. 09-21329) and AmTrust Management Inc. nka AmFin Management Inc. (Case No. 09-21332).

Imanage\067066.000102\1246449.1-SK7

U.S.C. §327, (D) Waiving the Rule 6004(g) 14-Day Stay, And (E) Waiving the Local Bankruptcy Rule 9013-2 Memorandum Requirement (the "Sale Motion"), filed by the above-captioned Debtors (the "Debtors") on March 29, 2011 [Docket No.967]; unless otherwise defined herein, capitalized terms in this order (the "Sale Procedures Order") shall be given the same meaning accorded to such terms in the Sale Motion. The Court having reviewed the Sale Motion and having considered the Objection, the Response and the statements of counsel and the evidence adduced with respect to the Sale Motion at a hearing before the Court on April 21, 2011 (the "Sale Procedures Hearing"); the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. § 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (d) notice of the Sale Motion and the Hearing was sufficient under the circumstances; after due deliberation the Court having determined that the relief requested in the Sale Motion related to the proposed Sale Procedures is necessary and essential for the Debtors' reorganization and that such relief is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The portion of the Sale Motion related to Sale Procedures is GRANTED and the Sale Procedures attached hereto as Exhibit 1 are hereby approved.

2. The timeline set forth below is approved:

| | |
|---|---|
| ➢ Sale Motion filed | March 29, 2011 |
| ➢ Objection deadline for Sale Procedures portion of the Sale Motion | April 12, 2011 |
| ➢ Hearing on Sale Procedures portion of the Sale Motion | April 21, 2011, 10:30 AM |
| ➢ Deadline for competing bids | June 20, 2011, 5:00 PM |
| ➢ Auction (10:00am ET) and objections to the Sale Motion (4:00 PM ET) | June 22, 2011 |
| ➢ Hearing on remainder of Sale Motion | June 23, 2011 |

3. The Sale Procedures shall require an initial topping bid of $250,000.

4. Harbor Group International LLC shall receive a breakup fee of three percent (3%) of the Purchase Price, as defined in the Agreement, to be paid at the time and in the manner provided in the Agreement.

5. The form of Notice attached hereto as Exhibit 2 is hereby approved.

6. The retention of Hilco Real Estate, LLC pursuant to 11 U.S.C. §327 is hereby approved, on the following terms: Hilco shall receive a flat fee of $75,000 plus expenses for its services, together with a premium of 10% of any sale price received by the Debtors in excess of $7,500,000.

7. Within three (3) business days after the entry of this Sale Procedures Order, the Debtors shall serve (except with respect to those parties receiving electronic notice in the Debtors' bankruptcy proceeding) the Sale Notice, substantially in the form annexed hereto as Exhibit 2 on the following entities: (i) any parties that are identified as having a lien or security interest on the Property, (ii) any parties that have been previously contacted by the Debtors or their advisors in connection with the marketing and sale process for the Property; (iii) all other prospective offerors and parties-in-interest previously known to the Debtors or upon written request to the Debtors by any other prospective offerors and parties-in-interest; and (iv) all parties pursuant to Bankruptcy Rules 2002, 6004(a), 6004(c), 6006(c) and 9014. Such parties shall also include (a) the office of the U.S. Trustee; (b) counsel for The Official Committee of Unsecured Creditors; (c) all parties that have filed requests for service under Bankruptcy Rule 2002; (d) all creditors; (e) The Bank of New York Mellon as trustee for the holders of the Debtors' 5.78% Senior Notes (the "Senior Noteholders"); (f) counsel for the Senior Noteholders; (g) Wilmington Trust Company as successor debenture and property trustee for the holders of the Ohio Savings Capital Trust I 9.50% Capital Securities; (h) the Depository Trust and Clearing Corporation; (i) the Office of Thrift Supervision; (j) the Federal Deposit Insurance Corporation; (k) the Internal Revenue Service; (l) the Ohio, Florida, and Arizona Departments of Taxation; (m) the State Attorneys General for Ohio, Florida, and Arizona; (n) the Securities and Exchange Commission; (o) the City of Cleveland; (p) Cleveland-Cuyahoga County Port Authority; (q) U.S. Bank, N.A., as trustee for the 2004 Cleveland-Cuyahoga County Port Authority Taxable Development Revenue Bonds; (r) Huntington National Bank, as trustee for the 2003 City of Cleveland Ohio Economic Development Revenue Bonds, (s) all persons who have made offers to purchase the Property, and (t) all persons known to have an interest in the Property. All parties entitled to notice hereunder are referred to collectively, as the "Notice Parties". Service pursuant to Bankruptcy Rules 2002, 6004(a), 6004(c), 6006(c) and 9014 on those parties not receiving electronic notice shall be by first-class mail addressed to the business address of such persons appearing in the Debtors' records notwithstanding Bankruptcy Rule 9014 and supplemented by

09-21323-pmc    Doc 996    FILED 04/26/11    ENTERED 04/27/11 11:45:30    Page 3 of 14

publication. Pursuant to Bankruptcy Rule 2002, service of the Sale Notice as described herein shall constitute good and sufficient notice of the Sale Procedures, the Auction, this Sale Procedures Order, the Sale Motion, the Sale Hearing (and any proceedings to be held thereon or related thereto) and the fundamental terms of the transaction among the Debtors and the Purchaser on all known and unknown creditors and parties in interest, including persons entitled to service pursuant to Bankruptcy Rules 2002, 6004(a), 6004(c), 6006(c) and 9014.

###

Prepared by:

/s/ *Thomas W. Coffey*
Glenn E. Morrical (Ohio 0013070)
Thomas W. Coffey (Ohio 0046877)
Scott J. Kelly (Ohio 0069835)
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
E-mail: gmorrical@tuckerellis.com
E-mail: tcoffey@tuckerellis.com
E-mail: skelly@tuckerellis.com

SPECIAL COUNSEL FOR DEBTORS

# **EXHIBIT 1**

# **SALE PROCEDURES**

## SALE PROCEDURES

### Auction Participation and Qualified Bids

Only the Purchaser and the "Qualified Bidder(s)" may participate in the Auction. To become a Qualified Bidder, a party must deliver, on or before 5:00 p.m. Eastern Time on June 20, 2011 (the "Deadline for Competing Bids") to the Debtors' counsel, Glenn E. Morrical, Tucker Ellis & West LLP, 1150 Huntington Building, 925 Euclid Avenue, Cleveland, Ohio 44115, gmorrical@tuckerellis.com; the Purchaser's counsel, Lawrence H. Bryant, lbryant@williamsmullen.com; and counsel for the Official Committee of Unsecured Creditors (the "Committee"), Daniel A. DeMarco, dademarco@hahnlaw.com, the following items (the "Bid Package"):

a) A written offer to purchase the Property, in an amount at least $250,000 greater than the purchase price in the Agreement, in the form of an executed asset purchase agreement ("APA") substantially in the form of the Purchase Agreement by a Qualified Bidder attached as Exhibit D to the Sale Motion. The potential bidder must provide a marked copy reflecting any variations from the Purchase Agreement by a Qualified Bidder. The proposed bid must be an all cash transaction (except for assumed liabilities);

b) Evidence satisfactory to the Debtors in their reasonable discretion that such bidder has the financial ability to consummate the Sale (including, without limitation, the ability to pay the purchase price in accordance with these Sale Procedures, which evidence may include, without limitation, current audited financial statements of the (i) Qualified Bidder or (ii) if the Qualified Bidder is an entity formed for the purpose of acquiring the Property, current audited financial statements of the equity holders of the Qualified Bidder, sources of equity or debt financing for payment of the purchase price, copies of commitment letters, the identity of contact persons at the financial institutions issuing the commitment letters or such other form of financial disclosure and credit-quality support information or enhancement reasonably acceptable to the Debtors and their advisors;

c) A cash deposit (the "Deposit") provided to the Debtors equal to $250,000. The Deposit must be made by certified check or wire transfer and shall be deposited with First American Title Insurance Company in accordance with paragraph 2 of the Purchase Agreement by a Qualified Bidder.

d) A statement that the bid constitutes a binding offer to purchase the Property that will remain in effect through 5:00 p.m. Eastern on the 15th business day following the Sale Hearing (defined below); and

e) Evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution and delivery of the agreement.

Bidders providing a Bid Package will be deemed a "Qualified Bidder." Bids submitted by Qualified Bidders will be deemed "Qualified Bids." Notwithstanding the procedures set forth above, U.S. Bank, National Association, in its capacity as Indenture Trustee and RBS Citizens, National Association (together, the "Secured Lenders") shall be considered Qualified Bidders pursuant to Section 363(k) of the Bankruptcy Code, and the requirements set forth above shall not apply to the Secured Lenders, except that they shall be required, if they submit the highest bid, to execute an APA in accordance with the requirements of subsection (a) above immediately following the conclusion of the auction.

A Qualified Bid must be fully financed and may not have a financing contingency or be subject to any due diligence or other contingency whatsoever, except for approval by the Bankruptcy Court, those conditions set out in the Purchase Agreement by Qualified Bidder, and as set out in the next paragraph.

**Due Diligence**

Summary financial information will be provided by Hilco to potential buyers prior to the submission of a Bid upon receipt of an executed non-disclosure agreement. Due diligence packages will be provided to Qualified Bidders promptly after they become Qualified Bidders. The due diligence package will contain all information provided by Debtors to Purchaser in its due diligence review. Qualified Bidders will not be entitled to receive any other due diligence

information, but if Debtors determine, in their sole discretion, to provide any additional due diligence information to any Qualified Bidder, Debtors will provide it to all Qualified Bidders. Each Qualified Bid will be deemed to be subject to the satisfaction of the Qualified Bidder with the results of its review of the due diligence package, provided that this contingency shall be null and void after the Withdrawal Deadline (defined below). On or before a date (the "Withdrawal Deadline") that is the earlier of (a) 30 days after becoming a Qualified Bidder or (b) the Deadline for Competing Bids, any Qualified Bidder may withdraw its bid by notice to that effect to Debtors received by Debtors on or before the Withdrawal Deadline. The Qualified Bid of any Qualified Bidder that has not so withdrawn its bid on or before the Withdrawal Deadline shall cease to be subject to any due diligence contingency.

### The Debtors' Pre-Auction Determinations

Prior to the Auction, the Debtors will use their discretion to determine whether any potential bidder satisfies the requirements to become a Qualified Bidder. The Debtors will determine whether the requirements for Qualified Bidder and Qualified Bid status have been met. In addition, the Debtors will make such other determinations as are necessary to implement the Sale Procedures.

### The Auction

If the Debtors receive a Qualified Bid in addition to the Purchaser's bid, then the Debtors will hold an auction of the Property (the "Auction"). If no Qualified Bids are submitted, then the Debtors will not hold the Auction, and will instead seek approval of the Agreement at a sale hearing (the "Sale Hearing").

The Debtors propose that the Auction, if any, will commence on June 22, 2011, at 10:00 a.m. Eastern Time in the offices of Tucker Ellis & West LLP, 1150 Huntington Building, 925 Euclid Avenue, Cleveland, OH 44115. All bidders must appear in person or through a duly authorized representative. The Auction will commence with an initial bid that must be at least $250,000 in excess of the Purchase Price provided for in the Agreement and include assumption of the TIF obligations. Subsequent bids will be in increments of at least $100,000.

 (a) **The Debtors Will Choose the Successful Bidder**

The Debtors will evaluate and compare the bids and determine in their business judgment the highest or best offer (the "Successful Bidder").

 (b) **Break-Up Fee**

If the Purchaser is not the Successful Bidder, then it will be paid a break-up fee (the "Break-Up Fee") equal to three percent (3%) of the Purchase Price as defined in the Agreement. The Break-Up Fee constitutes a fair and reasonable exercise of the Debtors' business judgment and is fair, reasonable and is a good faith estimate of the Purchaser's internal and out of pocket costs, and is in the best interests of the Debtors' estates and their creditors.

**Good Faith Deposit**

The Good Faith Deposit submitted by each Qualified Bidder that is not the Successful Bidder will be returned to such party within five business days following the closing of the Sale to the Successful Bidder (the "Closing").

At Closing the Successful Bidder will be entitled to a credit for the amount of the Good Faith Deposit held by the Title Company.

**Terms of the Sale**

Except as expressly provided in the Agreement, the Sale will be without representations or warranties of any kind, nature or description by the Debtors, its agents, or its estates.

All of the Debtors' right, title and interest in and to the Property will be transferred free and clear of all liens, claims, interests or encumbrances, if any. Any such liens, claims, interests, and encumbrances will attach to the proceeds from the Sale.

**Objections to Debtors' Determinations**

If the Purchaser or any Successful Bidder objects to the Debtors' determination of a Qualified Bid as a higher or better bid for the Property, the sole and exclusive remedy of such Qualified Bidder shall be to bid under protest at the Auction and, upon compliance with this paragraph, have standing at the Sale Hearing to contest the Debtors' determination.

# **EXHIBIT 2**

# **NOTICE OF MOTION**

Imanage\067066.000102\1246449.1-SK7

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re:<br><br>AMFIN FINANCIAL CORPORATION, et al.,[1]<br><br>Debtors. | ) ) ) ) ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 09-21323<br>(Jointly Administered)<br><br>Judge Pat Morgenstern-Clarren |

## NOTICE OF SALE MOTION, HEARING, AUCTION AND SALE PROCEDURES FOR SALE OF ASSETS OF THE DEBTORS

**PLEASE TAKE NOTICE THAT** the above-captioned debtors propose to sell a portion of their assets in a transaction more fully described in the Sale Motion (defined below), Docket No. 967.

**NOTICE IS FURTHER HEREBY GIVEN THAT** on March 29, 2011, the above captioned debtors and debtors in possession (the "Debtors") filed the Motion of the Seller for an Order (A) Approving the Proposed Sale Procedures, (B) Authorizing AmFin Real Estate Investments, Inc. to Sell Certain Assets To Harbor Group International LLC Free and Clear of Liens, Claims, Interests, and Encumbrances, (C) Approving the Employment of Hilco Real Estate, LLC, Pursuant to 11 U.S.C. §327(D) Waiving the Rule 6004(g) 14-Day Stay, And (E) Waiving the Local Bankruptcy Rule 9013-2 Memorandum Requirement (the "Sale Motion").

**NOTICE IS FURTHER HEREBY GIVEN THAT** on April ___, 2011, the United States Bankruptcy Court for the Northern District of Ohio (the "Court") entered an order, Docket No.___, granting the sale procedures portion of the Sale Motion (the "Sale Procedures Order"). The Sale Procedures Order approves certain bidding and auction procedures (the "Sale Procedures") pursuant to which the Debtors will review competing bids and seek authority to sell a portion of their assets (the "Property"), and approves certain buyer protections in connection with the sale of the Property (the "Sale") that are the subject of the Sale Motion. Capitalized terms that are not defined in this Notice shall have the same meaning as set forth in the Sale Motion.

---

[1] The Debtors are: AmTrust Financial Corporation nka AmFin Financial Corporation (Case No. 09-21323), AmTrust Real Estate Investments, Inc. nka AmFin Real Estate Investments, Inc., (Case No. 09-21328), AmTrust Insurance Agency, Inc. nka AmFin Insurance Agency, Inc. (Case No. 09-21325), AmTrust Investments Inc. nka AmFin Investments Inc. (Case No. 09-21331), AmTrust Properties Inc. nka AmFin Properties Inc. (Case No. 09-21329) and AmTrust Management Inc. nka AmFin Management Inc. (Case No. 09-21332).

**NOTICE IS FURTHER HEREBY GIVEN THAT** copies of the Sale Motion, Sale Procedures Order and Real Estate Purchase Agreement are on file with the Clerk of the Court and may be viewed on-line at https://ecf.ohnb.uscourts.gov, www.kccllc.net/AmTrust, or obtained by contacting Glenn E. Morrical, Tucker Ellis & West LLP, 1150 Huntington Building, 925 Euclid Avenue, Cleveland, Ohio 44115, gmorrical@tuckerellis.com.

**NOTICE IS FURTHER HEREBY GIVEN THAT** any party seeking to submit a bid and become a Qualified Bidder must submit such bid in conformity with the Sale Procedures and deliver it to the following parties no later than June 20, 2011, 5:00 p.m. Eastern Time: (i) counsel for the Debtors, Glenn E. Morrical, Tucker Ellis & West LLP, 1150 Huntington Building, 925 Euclid Avenue, Cleveland, Ohio 44115, gmorrical@tuckerellis.com (ii) counsel for the Purchaser, Lawrence Bryant, Williams Mullen, Dominion Tower, Suite 1700, 999 Waterside Drive, Norfolk, VA 23510, lbryant@williamsmullen.com; (iii) counsel for the Official Committee of Unsecured Creditors (the "Committee"), Daniel A. DeMarco, Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, dademarco@hahnlaw.com.

**NOTICE IS FURTHER HEREBY GIVEN THAT** the Auction contemplated by the Sale Procedures is scheduled for June 22, 2011 at 10:00 a.m. Eastern Time at Tucker Ellis & West LLP 1150 Huntington Building, 925 Euclid Avenue, Cleveland, Ohio 44115.

**NOTICE IS FURTHER HEREBY GIVEN THAT** the Sale Procedures, including instructions for submission of Qualified Bids, govern participation in the Auction and can be obtained from the website or entity set forth above.

**NOTICE IS FURTHER HEREBY GIVEN THAT** the hearing to consider approval of the Sale Motion and the Sale of the Property to the bidder submitting the highest or best offer thereto at the Auction shall be held on June 23, 2011 at 10:30 a.m. Eastern Time (the "Sale Hearing"), at the United States Bankruptcy Court for the Northern District of Ohio, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue, Cleveland, Ohio 44114. Objections to the Sale Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules and orders of this Court, shall set forth (i) the nature of the objector's claims against or interests in the Debtors' estates; (ii) the basis for the objection, (iii) the specific grounds therefor, and (iv) all evidence in support of said objection, and shall be filed and served so as to be received on or before June 22, 2011, at 4:00 p.m. Eastern Time, by (i) counsel for the Debtors, Glenn E. Morrical, Tucker Ellis & West LLP, 1150 Huntington Building, 925 Euclid Avenue, Cleveland, Ohio 44115, gmorrical@tuckerellis.com, (ii) counsel for the Purchaser, Lawrence Bryant, Dominion Tower, Suite 1700, 999 Waterside Drive, Norfolk, VA 23510, lbryant@williamsmullen.com and (iii) counsel for the Official Committee of Unsecured Creditors, Daniel A. DeMarco, Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, dad@hahnlaw.com and (iv) all parties requesting service of notice and other pleadings in this chapter 11 case. Any person that does not comply with this paragraph shall not be heard at the Sale Hearing. If the Purchaser or any Successful Bidder objects to the Debtors' determination of a Qualified Bid as a higher or better bid for the Property, the sole and exclusive remedy of such Qualified Bidder shall be to bid under protest at the Auction and, upon compliance with this paragraph, have standing at the Sale Hearing to contest the Debtors' determination.

**NOTICE IS FURTHER HEREBY GIVEN THAT** any inquiries regarding information contained in this Notice should be directed to Glenn E. Morrical, Tucker Ellis & West LLP, 1150 Huntington Building, 925 Euclid Avenue, Cleveland, Ohio 44115, gmorrical@tuckerellis.com.

| Dated: April __, 2011 | Respectfully submitted,<br>TUCKER ELLIS & WEST LLP<br><br>_/s/ Thomas W. Coffey_<br>Glenn E. Morrical (Ohio 0013070)<br>Thomas W. Coffey (Ohio 0046877)<br>Scott J. Kelly (Ohio 0069835)<br>1150 Huntington Building<br>925 Euclid Avenue<br>Cleveland, Ohio 44115<br>Telephone: (216) 592-5000<br>Facsimile: (216) 592-5009<br>E-mail: gmorrical@tuckerellis.com<br>E-mail: tcoffey@tuckerellis.com<br>E-mail: skelly@tuckerellis.com |
|---|---|
| | **SPECIAL COUNSEL FOR DEBTORS** |