UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09-21323 |
| | ) | (Jointly Administered) |
| AMFIN FINANCIAL CORPORATION, | ) | |
| et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors. | ) | Chief Judge Pat E. Morgenstern-Clarren |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER**[1] |

The State of Michigan assessed taxes against Alan Presby, the current secretary and treasurer of the reorganized debtor AmFin Financial Corporation, as a "responsible officer" of its subsidiary, non-debtor AmTrust Bank. Mr. Presby requests that, if this determination becomes a final judgment, that the amount be paid to him as an administrative expense. The Federal Deposit Insurance Corporation, as Receiver of AmTrust Bank (FDIC), opposes the motion. The reorganized debtors move to approve a proposed compromise of the claim. The FDIC objects to the compromise. For the reasons stated below, the compromise is approved, making Mr. Presby's motion and the FDIC's objection to it moot.[2]

## I. JURISDICTION

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2) (A), (B), and (O), and it is within the court's constitutional authority as analyzed by the United States Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

---

[1] This opinion is not intended for publication, either in print or electronically.

[2] Docket 1362, 1387, 1391, 1399, 1416.

## II. DISCUSSION

### A. The Motion to Allow Administrative Expense

Before the November 30, 2009 chapter 11 filings, Mr. Presby served as an officer of debtor AFC[3] and also as an officer of non-debtor AmTrust Bank, AFC's federal savings bank subsidiary. Mr. Presby continued to provide services to the debtors postpetition, including serving as the CFO of AFC. Following confirmation of the debtors' plan, he serves as the secretary and treasurer of reorganized debtor AFC, which position entitles him to indemnification under AFC's amended and restated articles of incorporation.[4] Mr. Presby also provides services to the reorganized debtors relating to day-to-day operations and the preparation and examination of federal, state, and local taxes. He is paid an hourly fee.

Michigan determined that AmTrust Bank owed $45,066.91 in taxes for the periods ending September 2004, September 2005, September 2006, and September 2007. In November 2011, the state assessed this amount against Mr. Presby, personally, as a corporate officer responsible for the debt.[5] Mr. Presby's position is that he is entitled to have this amount paid as an administrative expense claim under Bankruptcy Code § 503(b)(1)(A). The FDIC argues that Mr. Presby cannot satisfy the requirements for allowance of an administrative expense because

---

[3] The Reorganized Debtors are AmTrust Financial Corp. nka AmFin Financial Corporation (AFC), and its five subsidiaries: AmTrust Real Estate Investments Inc. nka AmFin Real Estate Investments Inc.; AmTrust Insurance Agency, Inc. nka AmFin Insurance Agency Inc.; AmTrust Investments Inc. nka AmFin Investments Inc.; AmTrust Properties Inc. nka AmFin Properties Inc.; and AmTrust Management Inc. nka AmFin Management Inc.

[4] *See* Chapter VI, Section 6.01 of the Amended and Restated Code of Regulations of AmFin Financial Corporation, exh. F to the confirmed plan, docket 1315.

[5] Michigan assessed this tax under § 205.27a(5) of the Michigan Compiled Laws. The ruling is apparently on appeal.

he did not allege an indemnification claim against the debtors; any indemnification claim that he has arose prepetition; and his indemnification claim is not related to the services which he performed for the debtors postpetition.

The reorganized debtors responded to the motion by moving to approve a compromise of Mr. Presby's claim.

### B. The Proposed Compromise

The reorganized debtors propose to pay Mr. Presby $40,560.22, which reflects a 10% reduction of the amount requested, and to obtain his agreement to continue to provide services to the reorganized debtors as a paid part-time consultant through December 31, 2012. The FDIC objects on procedural and substantive grounds.

#### 1. Approval of a Compromise

The Bankruptcy Rules provide that a court may approve a motion to compromise after notice and a hearing. FED. R. BANKR. P. 9019(a). The purpose of this rule is "to prevent the making of concealed agreements which are unknown to the creditors and unevaluated by the court." *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (internal quotation marks and citation omitted). Under Bankruptcy Rule 9013, a motion must "state with particularity the grounds therefor, and . . . set forth the relief or order sought." FED. R. BANKR. P. 9013. And under Bankruptcy Rules 9019 and 2002, a debtor must give creditors, the United States trustee, indenture trustees, and other parties as directed by the court at least 21 days notice of a motion to compromise. FED. R. BANKR. P. 9019(a) and FED. R. BANKR. P. 2002(a)(3).

3

The court's role in considering a proposed compromise is "to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable. The court is not permitted to act as a mere rubber stamp or to rely on the . . . [debtor's] word that the compromise is reasonable." *Reynolds v. Comm'r of Internal Revenue*, 861 F.2d 469, 473 (6th Cir. 1988) (citations omitted). When considering a compromise, the court "is obligated to weigh all conflicting interests in deciding whether the compromise is 'fair and equitable,' considering such factors as the probability of success on the merits, the complexity and expense of litigation, and the reasonable views of creditors." *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988); *accord Reynolds*, 861. F.2d at 473 (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)). The debtor has the burden of persuading the court that the compromise is in the best interest of the estate. *McGraw v. Yelverton (In re Bell & Beckwith)*, 87 B.R. 476, 478 (N.D. Ohio 1988).

Four factors are used to evaluate a proposed compromise: (1) the probability of success in the litigation; (2) the difficulty of collection; (3) the complexity of the litigation, including any attendant expense, inconvenience, and delay; and (4) the paramount interest of creditors. *Bard v. Sicherman (In re Bard),* 49 Fed. App. 528, 530 (6th Cir. 2002) (unpublished opinion); *Fishell v. Soltow (In re Fishell),* 47 F.3d 1168 at *3 (6th Cir. 1995) (unpublished opinion). The court "is not to decide the numerous questions of law and fact raised . . . but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness'[.]" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). Indeed, "[t]he very purpose of such a compromise

agreement 'is to allow the . . . [debtors] and the creditors to avoid the expense and burdens associated with litigating sharply contested and dubious claims.'" *In re Bard*, 49 Fed. Appx. at 530 (quoting *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986)).

a.

The FDIC's procedural objection is that the reorganized debtors did not file a separate motion to compromise, but instead included the request to compromise in their response to Mr. Presby's administrative expense claim. The response, however, meets the essential requirements of a motion. The filing caption includes the relief requested, the body of the filing requests an order approving the compromise, and it states "with particularity" the grounds for that relief. The FDIC's second procedural objection is that the reorganized debtors did not give appropriate notice. This argument fails because the reorganized debtors served their response on all parties in interest and gave the requisite 21 day notice.[6] Consequently, although the reorganized debtors did not call their filing a motion, it fulfilled the purpose of Rule 9019 by protecting the substantial rights of the parties in interest to the proposed compromise, and was sufficient under the circumstances. *See* FED. R. BANKR. P. 9005 (incorporating FED. R. CIV. P. 61 as to harmless error and providing that "[a]t every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights").

b.

The next step is to evaluate the proposed compromise based on the four relevant factors.

---

[6] The reorganized debtors self-scheduled the hearing for February 23, 2012 and served the parties in interest with notice of their request for approval on January 25, 2012. *See* docket 1388 and 1392.

5

**The probability of the reorganized debtors' success in the litigation**

The FDIC correctly notes that Mr. Presby is required to prove that he has an indemnity claim against the reorganized debtors, which claim is entitled to be treated as administrative expense for "the actual, necessary costs and expenses of preserving the estate[.]" 11U.S.C. § 503(b)(1)(A). Under § 503(b)(1)(A), "a claimant must prove that the debt (1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate." *Emp. Transfer Corp. v. Grigsby (In re White Motor Corp.)*, 831 F.2d 106, 110 (6th Cir. 1987); *see also Caradon Doors and Windows, Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 447 F.3d 461, 464 (6th Cir. 2006); *Pension Benefit Guar. Corp. v. Sunarhauserman, Inc. (In re Sunarhauserman, Inc.)*, 126 F.3d 811, 816 (6th Cir. 1997).

As Mr. Presby's association with the debtors and reorganized debtors spans prepetition to postconfirmation, and involves multiple entities as well as the bank subsidiary, there is an issue as to whether his claim is a pre or postpetition claim and whether it is a claim against the reorganized debtors or the bank. Mr. Presby's motion and reply, the FDIC's objection, and the reorganized debtors' response and reply to the FDIC's objection address these issues; each side presents a cogent argument to support a finding that Mr. Presby either does or does not have a claim for indemnity, and that the claim either is or is not entitled to administrative expense status. In considering this factor, the court need not resolve issues; however, based on the case law and the unusual set of facts presented, it is probable that any objection posed by the

6

reorganized debtors (or the FDIC) to Mr. Presby's administrative expense claim would fail.
Consequently, this factor weighs in favor of the compromise.

### The difficulty of collection

The issue here is whether Mr. Presby is entitled to payment of an administrative expense under the confirmed plan; therefore, collection is not an issue.

### The complexity of the litigation, including expense, inconvenience, and delay

The reorganized debtors argue that they have already spent substantial funds representing themselves in the Michigan administrative proceedings which determined that Mr. Presby was liable for the taxes, and that they think it is sensible to settle the claim rather than to expend additional funds to litigate. Although it does not appear that the additional fees would be significant, the reorganized debtors will still be required to incur fees to litigate the claim. Therefore, this factor weighs in favor of the compromise.

### The interest of creditors

This last factor requires the court to consider the paramount interests of creditors. On this point, the reorganized debtors argue that the compromise is in the creditors' best interest because it saves litigation costs and insures that Mr. Presby, who now renders services to the reorganized debtors on an at-will basis, will continue to provide services through the end of 2012. The reorganized debtors believe that Mr. Presby's historic knowledge is invaluable to them as they implement the confirmed plan and litigate matters with the FDIC. They also believe that his knowledge is unique and cannot be replaced. On consideration, the court finds that the interests of creditors weigh in favor of the compromise. While the FDIC, as the largest creditor in these cases opposes the compromise, the compromise clearly advances the interests of the creditors as

a group by saving litigation costs and insuring that Mr. Presby's necessary services will be available to the reorganized debtors going forward. Those services will increase the likelihood of the reorganized debtors' success in litigating the FDIC matters and implementing the plan.

### III. CONCLUSION

For the reasons stated, the reorganized debtors' request to approve the compromise with Mr. Presby is granted and the FDIC's opposition to the compromise is overruled.

IT IS SO ORDERED.

/s/ Pat E. Morgenstern-Clarren
Pat E. Morgenstern-Clarren
Chief Bankruptcy Judge